JUAN MATOS LABOY, Plaintiff and Appellant, *v.* RUFO SIERRA, Defendant and Appellee.

No. 9926. Argued November 7, 1949.—Decided June 23, 1950.

*Guillermo Bauzá González* for appellant. *Ernesto Juan Fonfrías* and *Santiago Polanco Abréu* for appellee.

PER-CURIAM: From a judgment dismissing his complaint of specific performance of contract, refund of money and

656

damages, plaintiff appealed and contends in his brief that "The lower court erred in rendering judgment contrary to the evidence and in erroneously weighing the evidence offered and admitted."

In its "Statement of Facts and Opinion" the lower court summarized the *oral* testimony, and in closing said: "With this evidence the case was submitted to the consideration of the Court . . ." The testimony of Ramón Ortiz Cruz (Juan Bonomo), an employee of the defendant called as a witness by the plaintiff, who identified certain documents admitted by the court as evidence of the latter, was not included in the summary, nor was any reference made therein as to the documentary evidence of either party. Neither did the court set forth the facts as found by it, nor state its conclusions of law, as required by Rule 52 (*a*) of the Rules of Civil Procedure. It set forth its conclusion in a paragraph which reads:

"The Court has carefully considered the evidence offered. After weighing and studying it as a whole and after closely scrutinizing the testimony and observing the witnesses testify, it reaches the conclusion that the evidence herein is in favor of the defendant and against the plaintiff."

Were it not for the fact that the plaintiff introduced in this case documentary evidence admitted without defendant's objection—which evidence, substantiates the witness Ortiz Cruz (Bonomo), and points out each and every one of the expenses incurred in the work which motivated the claim— we would ignore the failure to comply with the aforesaid Rule 52 (*a*), and we would decide the case on its merits, as we did in *Santana* v. *García, ante,* p. 132, and *Cáceres* v. *García, ante,* p. 378. In the case at bar, however, this Court should not only have the benefit of the findings of fact of the lower court, but also of the conclusions of law relative to the effect, if any, of the documentary evidence admitted, in regard either to the entire sum or to a part of plaintiff's claim. Although this case

came to us prior to the date on which we advised the lower courts in *Santana* v. *García, supra,* of our determination to set aside, in the future, judgments entered subsequent to that date in cases where Rule 52(a) in question had not been complied with, we consider that in the instant case, because of the peculiarity noted above, we must require strict compliance with the Rule.

The judgment will be set aside and the case remanded to the lower court in order that, after compliance is had with Rule 52(a) of the Rules of Civil Procedure, it enter the judgment it deems proper.